## Murman v. School District of Duryea Borough

*William A. Degillio,* for plaintiffs.

*Thomas C. Gibbons,* for defendant.

SCHIFFMAN, J., July 18, 1963.—The matter is presently before us upon the pleadings and a stipulation as to the facts involved. The facts as stipulated are essentially as follows:

That on or after October 10, 1961, defendant school district adopted a resolution levying a wage tax of one-half of 1 percent, a per capita tax of $10 and a realty transfer tax of 1 percent, all under Act 481 of 1947, for the 1961-1962 fiscal year, upon the taxables of the Duryea Borough School District. Duryea Borough is a borough of the State of Pennsylvania, Luzerne County, and is coterminus with defendant school district. The only advertising done by defendants pursuant to the above tax resolutions, under Act of June 25, 1947, P. L. 1145, appeared in the September 15, September 22 and September 29, 1961 issues of the Luzerne Legal Register, as follows:

"THE SPECIAL BOARD OF CONTROL for Duryea Borough School District proposes to enact additional taxes under Act 481 as follows: A tax of $5.00

on each resident over the age of 21, a tax of 1% on the transfer of ownership of real estate. The reason for these taxes is the necessity of additional funds to balance the budget for 1961-1962. The $5.00 is estimated to produce $8,000.00; the real estate transfer tax is estimated to produce $2,000.00. Final action on these taxes will be taken at a meeting of the Special Board of Education to be held on October 3, 1961.

> Victor E. Celio, Chairman
> Special Board of Control, Duryea
> Borough School District."

Defendants, i.e., Duryea Borough School District and the Special Board of Control of Duryea Borough School District ceased to exist as of July 2, 1962, and the Duryea Borough School District has now merged, by operation of law, into the Northeast School District of Upper Luzerne County. By operation of law, the merged district assumed all of the liabilities and assets of its individual members, of which the Duryea Borough School District is a part, in accordance with 24 PS §2-264. By order of the Court of Common Pleas of Luzerne County, dated August 24, 1962, the Northeast School District of Upper Luzerne County was substituted as a party-defendant in the above entitled action in the stead of the Duryea Borough School District, and the Special Board of Control of Duryea Borough School District.

By preliminary order of this court, defendant school district has been enjoined from disbursing any funds collected under these taxing ordinances and directed to hold them in a separate fund until final disposition of this matter.

Plaintiff George Murman and others seek an accounting of the funds collected by the Duryea Borough School District and the refunding of all wage per capita taxes assessed and collected under the ordinance here involved on the theory that these taxes were im-

properly and illegally assessed by the defendant school district.

It is a basic principle of our law that a municipality, school district, or other governmental subdivision has no sovereign right to impose any tax. They acquire this right only through the medium of an enabling statute passed by the legislature, the terms of which must be strictly complied with: Allentown School District Mercantile Tax Case, 370 Pa. 161; Fischer v. Pittsburgh, 178 Pa. Superior Ct. 16.

The Act of 1947 relied upon by the defendant as the enabling authority for assessing the taxes here involved, requires, inter alia, that

"The tax can be assessed by a School District [such as we have here] only during the period that school taxes are required to be levied and assessed by such school district."

In the instant case, this period would be during the months of February, March, April or May: Section 672 of the Public School Code of March 10, 1949. The tax was levied in October of 1961.

The Act of 1947 further provides that a tax imposed under its provisions shall be for one year only. No such limitation appears in the ordinance under consideration.

Each ordinance must state that it is enacted under the authority of the enabling statute involved here: Act of 1947. The instant ordinance does not so state.

In addition, the act requires in section 2, 53 PS §6852, that prior to the passage of any ordinance or the adopting of any resolution imposing a tax under the authority of this act, the taxing authority must give notice of its intention to so act by publication in a newspaper of general circulation within the political subdivision once a week for three weeks. The only advertising here was done in the Luzerne Legal Register, a legal periodical, despite the existence of several

newspapers in general circulation in the area here involved.

The Act of 1947 provides that when such an ordinance or resolution is passed, a certified copy thereof shall be filed with the Bureau of Municipal Affairs of the Department of Internal Affairs within 15 days after its effective date. No such certified copy was filed within the allotted time by defendant in the instant case.

In view of the failure of the within ordinance of defendant to comply with any of the necessary prerequisites of the enabling statute, we cannot conclude that the tax imposed was lawfully constituted.

Defendant relies strongly on the decision of this Court by President Judge Pinola in the case of Dolan v. Northeast School District of Upper Luzerne County, October Term 1962, 17, wherein we held that although the act had not been there strictly followed, the taxing ordinances would not be upset because of the dire emergency arising from the creation of a new school district and its attendant immediate need for funds with which to operate.

No such dire emergency is presented to us in the instant case since defendant school district here involved was one of long existence, and no pertinent facts upon which we might base a conclusion that such an emergency situation existed are referred to us.

Accordingly, we enter the following

*Order*

Now, July 18, 1963 at 3 p.m. (EDT) :

1. Defendant Duryea Borough School District (now Northeast School District of Upper Luzerne County, substituted defendant) is directed to account for and return to plaintiff and any other affected taxable persons of the Borough of Duryea, any per capita tax or wage tax collected under the ordinance considered herein.

686

2. Defendant Duryea Borough School District (now Northeast School. District of Upper Luzerne County, substituted defendant) is hereby restrained from enforcing or attempting to enforce the collection of any taxes imposed upon plaintiff and the other taxable persons of Duryea Borough for the fiscal year 1961-1962 by virtue of this ordinance.

### Modifying Order

Now, July 23, 1963, at 3:45 p.m. (EDT):

1. Defendant Duryea Borough School District (now Northeast School District of Upper Luzerne County, substituted defendant) is directed to account for and return to plaintiff and any other affected taxable persons of the Borough of Duryea, any per capita tax collected under the ordinance considered herein.

2. Defendant Duryea Borough School District (now Northeast School District of Upper Luzerne County, substituted defendant) is hereby restrained from enforcing or attempting to enforce the collection of any taxes imposed upon plaintiff and the other taxable persons of Duryea Borough for the fiscal year 1961-1962 by virtue of this ordinance.